IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01661-BNB

SYLVIA OCAMPO WEICHMANN, also known as
SYLVIA OCAMPO WEICHMAN,

    Plaintiff,

v.

JUDGE ANNE MANSFIELD,
JOSEPH MORALES,
LISA ARNOLDS,
NANCY ANDERSON, and
STATE OF COLORADO,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 23 2010

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Plaintiff, Sylvia Ocampo Weichmann, also known as Sylvia Ocampo Weichman, was incarcerated at the Denver County Jail when she attempted to initiate the instant action by submitting to the Court *pro se* a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and a Prisoner Complaint. She subsequently informed the Court that she is confined at the Colorado Mental Health Institute in Pueblo, Colorado.

The Court reviewed the submitted documents and determined they were deficient. Therefore, in an order filed on July 13, 2010, Magistrate Judge Craig B. Shaffer directed the clerk of the Court to commence a civil action and directed Ms. Weichmann to cure a deficiency in the case within thirty days if she wished to pursue her claims.

The July 13 order pointed out that Ms. Weichmann failed to submit a certified copy of her trust fund account statement for the six-month period immediately preceding this filing. The order warned Ms. Weichmann that if she failed to cure the designated deficiency within the time allowed the action would be dismissed without prejudice and without further notice.

The July 13 order to cure was returned to the Court as undeliverable on July 20, 2010 in an envelope mailed to Ms. Weichmann at the Denver County Jail and stamped "RTS" and "Released." On August 16, 2010, the Court entered a minute order directing the Clerk of the Court to send Ms. Weichmann a copy of the July 13 order at the Colorado Mental Health Institute (CMHI). The minute order also allowed her thirty days from the date of the minute order to cure the deficiency noted in the July 13 order. On September 3, 2010, Ms. Weichmann submitted to the Court an uncertified copy of a CMHI account statement for one month only.

Subsection (a)(2) of § 1915 requires submission of "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." The July 13 order and the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 note this requirement.

Ms. Weichmann has failed within the time allowed to cure the deficiency designated in the July 13 order to cure. Therefore, the complaint and the action will be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil

Procedure for failure to cure the designated deficiency as directed within the time allowed.

Accordingly, it is

ORDERED that the complaint and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Plaintiff, Sylvia Ocampo Weichmann to cure the deficiency designated in the July 13, 2010 order to cure within the time allowed.

DATED at Denver, Colorado, this  23rd  day of  September , 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01532-BNB

Sylvia O. Weichmann
Prisoner No. 007694
CMHIP
1600 W. 24th Street
Pueblo, CO 81003

 I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on **9/28/10**

          GREGORY C. LANGHAM, CLERK

         By: _____
           Deputy Clerk